IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CODY JARRETT**                                                    **PLAINTIFF**

vs.                                                No. 4:16-cv-218

**REFINERY SPECIALTIES, INC., and**
**MICKEY D. TUCKER**                                       **DEFENDANTS**

## COMPLAINT

COMES now Plaintiff Cody Jarrett, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Complaint ("Complaint") against Defendants Refinery Specialties, Inc. ("RSI"), and Mickey D. Tucker (collectively referred to as "Defendant"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff was employed by Defendant as a salaried supervisor and was misclassified as exempt from the requirements of the FLSA, when in reality he was non-exempt and was entitled to be paid overtime for all hours worked in excess of forty (40) per week.

3. Plaintiff brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including

reasonable attorney's fee, as a result of Defendant's practice of failing to pay him overtime wages.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. THE PARTIES

5. Plaintiff Cody Jarrett is a resident and citizen of Nacogdoches County, Texas.

6. At all times relevant to this Complaint, Jarrett was misclassified as exempt from the requirements of the FLSA, when in reality he was entitled to be paid overtime for all hours worked in excess of forty (40) in a workweek.

7. Refinery Specialties, Inc., performs substantial business activities in the Southern District of Texas by providing oilfield services essential to its customers' oil and gas operations.

8. RSI may be served through its registered agent Mickey D. Tucker, 38106 Hwy 3346, Hempstead, Texas 77445.

9. Defendant Mickey D. Tucker is a resident of Texas and at all times relevant to this Complaint, was a president of RSI.

10. At all times relevant to this Complaint, Defendant Tucker had operating control over RSI.

11. At all times relevant to this Complaint, Defendant Tucker had the power to hire and fire employees of RSI, supervised and set wages of the RSI's employees.

## III. JURISDICTION AND VENUE

12. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

13. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

15. RSI is an oilfield services company with operations in Texas and contiguous states.

16. RSI's gross annual revenues exceed the FLSA's $500,000.00 threshold for enterprise coverage in each of the last three years.

17. Throughout the time relevant to this complaint, RSI has been an enterprise engaged in interstate commerce as defined by the FLSA.

18. At all times relevant to this Complaint, Plaintiff was employed by RSI as a supervisor.

19. Plaintiff was paid a salary for a forty (40) hour workweek, and he was misclassified as exempt from the requirements of the FLSA.

20. Plaintiff's job was very physical and demanding. Plaintiff was required to set up and operate pump equipment at the oilfield job sites.

21. RSI provided Plaintiff with a pick-up truck that he was required to drive to and from the job sites.

22. As a part of Plaintiff's compensation, he was paid non-discretionary bonuses.

23. RSI required Plaintiff to work in excess of forty (40) hours a week and did not pay him overtime.

24. Plaintiff complained to his supervisors about not getting paid overtime, but nothing was done as a result of his complaints.

25. Plaintiff did not supervise two or more employees of RSI on a regular basis.

26. Plaintiff did not manage a division or department of RSI.

27. Plaintiff did not have an authority to hire or fire employees of RSI.

28. Plaintiff did not give recommendations as to firing or hiring employees of RSI.

29. Plaintiff did not give recommendations as to raises for any employees of RSI.

30. Plaintiff was and is entitled to 1.5 times his regular rate of pay for hours worked in excess of 40 in a week.

31. RSI knew of the FLSA's requirements based on, among other things, a lot of oilfield service companies becoming the object of FLSA enforcement actions for similar payment plans as the one described in this case.

32. RSI knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V. FLSA VIOLATION

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

34. Plaintiff brings is entitled under the FLSA to recover monetary damages for all hours worked in excess of forty (40) each week.

35. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff for all of the hours worked by Plaintiff, including overtime and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **PLAINTIFF CODY JARRETT**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S. Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com